**Leland W. HENDERSON, Petitioner–Appellant,**

v.

**Edward COHN, Respondent–Appellee.**

No. 89–2377.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 30, 1990.

Decided Dec. 11, 1990.*

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Leland W. Henderson, Pendleton, Ind., pro se.

Kirk A. Knoll, Deputy Atty. Gen., Ronald J. Semler, Asst. Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before BAUER, Chief Judge, WOOD, Jr., and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Petitioner-appellant, Leland W. Henderson, appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied relief on the merits, rejecting Henderson's challenge to two separate convictions entered pursuant to guilty pleas. We do not reach the merits of the habeas petition because the state court found that Henderson had procedurally defaulted, and he is unable to show cause and prejudice. We affirm the district court's refusal to grant habeas relief on the grounds that Henderson waived his constitutional claim by failing to file a timely post-conviction petition in state court.

I.

In 1962 and 1964, Henderson pleaded guilty to separate charges of vehicle theft for which he was sentenced to one to ten years at the Indiana Reformatory. Henderson did not challenge these convictions in a direct appeal or state post-conviction proceeding. In 1981, Henderson was convicted of attempted murder and sentenced to ten years in prison. On the basis of the 1962 and 1964 convictions, the court adjudged Henderson to be an habitual offender, and his ten-year sentence was enhanced by another thirty years.

On May 12, 1983, Henderson filed a petition for post-conviction relief, seeking to challenge the voluntariness of his guilty pleas in the 1962 and 1964 convictions. Following a hearing, the state court denied Henderson's petition solely on the grounds that laches barred him from bringing the petition. The court found that the approximately twenty-year delay was unreasonable and that, as a result of the delay, the government had been prejudiced since a retrial would be impossible given that key witnesses in each case were either dead or seriously ill. The Court of Appeals of Indiana affirmed on the procedural ground of laches. Transfer to the Supreme Court of Indiana was denied.

Henderson then filed a petition for a writ of habeas corpus in the district court. The government argued that Henderson had procedurally defaulted in state court under the state law doctrine of laches, thus barring federal habeas corpus review. The magistrate, however, addressed laches as that concept is used in the context of Rule 9(a) of the Rules Governing § 2254 cases, not as it is used in the context of state procedural default. The magistrate concluded that the government had not been prejudiced in its ability to challenge the *habeas corpus petition* since the transcripts of the guilty pleas were available, and consequently, the district court

reached the merits of Henderson's claim that his 1962 and 1964 guilty pleas were not knowingly and voluntarily given. The district court rejected Henderson's claim on the merits, and Henderson appeals.

## II.

Before we can address the constitutional question of whether Henderson's guilty pleas were knowing, intelligent and voluntary, the state courts must have had a full and fair opportunity to review the claim. *See Morrison v. Duckworth,* 898 F.2d 1298, 1300 (7th Cir.1990). A federal claim that was not raised in the state courts is procedurally barred and must be dismissed. *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). " 'Waiver in state court of a specific issue prevents federal habeas corpus relief based on that same issue absent a showing of cause and prejudice.' " *Burgin v. Broglin,* 900 F.2d 990, 996 (7th Cir.1990) (quoting *Sotelo v. Indiana State Prison,* 850 F.2d 1244, 1252 (7th Cir.1988)). Henderson did not challenge the 1962 or 1964 convictions in state court until 1983 when he filed a petition for post-conviction relief. The government argues that the state courts' finding of waiver under the doctrine of laches precludes habeas corpus review. That is, the government asserts that "the petitioner's failure to comply with a state court laches rule effectively deprived the state courts of an opportunity to review his case, and that this forfeiture of state court review constitutes a procedural default barring federal habeas review." The state courts rejected Henderson's post-conviction petition solely on the grounds of state procedural default. Consequently, we cannot reach the merits of Henderson's claim unless Henderson can show cause for and prejudice resulting from his failure to challenge the guilty pleas sooner. *See Nutall v. Greer,* 764 F.2d 462, 464 (7th Cir.1985). This, we believe, Henderson cannot do. To show cause, Henderson argues that at the time of the guilty pleas, he was an illiterate teenager and that he is still illiterate today. Henderson points out that he must rely on jailhouse lawyers.

A number of courts have held that illiteracy does not constitute cause for a procedural default. *See Smith v. Newsome,* 876 F.2d 1461, 1465–66 (11th Cir.1989) (illiteracy is insufficient to establish cause); *Vasquez v. Lockhart,* 867 F.2d 1056, 1058 (8th Cir.1988) (*pro se* status and unfamiliarity with English language and United States court system do not establish cause), *cert. denied,* —— U.S. ——, 109 S.Ct. 2453, 104 L.Ed.2d 1007 (1989); *Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 909 (9th Cir.1986) (illiteracy is insufficient to establish cause); *Baugh v. Lane,* 722 F.Supp. 525, 531 (C.D.Ill.1989) (that petitioner was lay person not knowledgeable about law is insufficient to establish cause for ten-year delay in filing for state post-conviction relief); *see also United States ex rel. Stewart v. Ragen,* 231 F.2d 312, 314 (7th Cir.1956) (limited education, failure to understand legal procedure and prison rule prohibiting inmates from helping each other prepare legal proceedings do not excuse failure to exhaust state remedies). We find these cases persuasive. A person may be illiterate yet still have the good sense and mental competence to be concerned and inquire about his convictions. "[T]here is no right to court-appointed counsel in state collateral proceedings, thus, a petitioner's 'failure to act or think like a lawyer cannot be cause for failing to assert a claim.' " *Harmon v. Barton,* 894 F.2d 1268, 1275 (11th Cir.) (quoting *Newsome,* 876 F.2d at 1465), *cert. denied,* —— U.S. ——, 111 S.Ct. 96, 112 L.Ed.2d 68 (1990).

Henderson's illiteracy does not explain why, at some point in the course of his repeated contacts with the criminal justice system from 1961 through 1981, he did not ask appointed counsel about the possibility of challenging the guilty pleas. Henderson argues that because counsel was representing him on unrelated matters, counsel had no obligation or motivation to inquire into these convictions. This may be true; nonetheless, Henderson has an obligation to take a minimal interest in his own defense. Henderson argues that he did not learn that the guilty pleas involved potential constitutional violations until 1981 when they were used to enhance his sentence and that

he then immediately and diligently sought post-conviction relief. Henderson's diligence after 1981 does not excuse his failure to inquire and the consequent delay before 1981.

We also note that illiteracy is not the type of external impediment to which the Supreme Court alluded in *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986), when it suggested that cause could be shown by "some objective factor external to the defense [which] impeded ... efforts to comply with the State's procedural rules." Henderson does not allege that the state or his custodians obstructed his efforts to get help in challenging the pleas. *See id.* Nor does Henderson argue that the factual or legal basis of the claim was not reasonably available. *See id.* Arguably, at the time Henderson entered the guilty plea in 1962, there was no legal basis for Henderson's claim that he was not fully advised of his right to counsel, a right that was not established until the Supreme Court decided *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). This, however, does not explain why Henderson waited to challenge the 1964 plea or why he waited twenty years to challenge the 1962 plea since *Gideon* applied retroactively. As we concluded above, illiteracy is not cause for such delay. Because Henderson is unable to show cause, we need not reach the issue of whether Henderson is able to establish prejudice. *See Morrison*, 898 F.2d at 1301.

There is still one avenue open which may permit us to reach the merits of Henderson's claim despite his inability to show cause. The Supreme Court has warned that the cause and prejudice standard is a flexible one which yields to exceptional circumstances. *See Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982). Consequently, "in an extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649. Henderson does not suggest that he is "actually innocent" of the thefts, he simply argues that they should be held void and unusable to enhance any subsequent sentence. We do not believe that the court's failure to advise Henderson fully about his right to counsel probably resulted in the conviction of someone who was innocent. We conclude that Henderson does not fall within this narrow exception.

### III.

Because Henderson has failed to show sufficient cause for his failure to file timely post-conviction petitions to challenge his guilty pleas, he has waived his constitutional claim. We affirm without consideration of the merits.

AFFIRMED.