952 F.2d 1398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kirk E. BINTZLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-3514.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1991.*
Decided Jan. 22, 1992.
 
 Before POSNER, COFFEY, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Kirk Bintzler, an inmate at the Federal Correctional Institute in Oxford, Wisconsin, pleaded guilty to two counts of gun possession under 18 U.S.C. § 922(g)(1). He has filed motions under 28 U.S.C. § 2255 and Rule 35(a) of the Federal Rules of Criminal Procedure attacking his conviction and sentence on various grounds. He asserts that his counsel was ineffective; that he (Bintzler) is outside the definition of a convicted felon in the federal gun possession statute; that the district court imposed an illegal indeterminate sentence; and that the court erred in not advising him of his right to appeal. The district court dismissed both motions.
 
 
 2
 In Williams v. United States, 805 F.2d 1301 (7th Cir.1986), cert. denied, 481 U.S. 1039 (1987), this court applied the "cause and prejudice" standard in evaluating a section 2255 motion which presents constitutional claims that should have been raised earlier, either on direct appeal or otherwise, following a guilty plea. It appears from the record that Bintzler could have raised most of his claims earlier, and did not. Ineffective assistance of counsel may constitute "cause" to overcome this procedural bar. However, a defendant faces a difficult task when he attempts to establish ineffective assistance of counsel. He must show that his counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). And he must show that his case was prejudiced by counsel's errors. Id. We need only consider the first half of the Strickland test; the errors Bintzler points to are not errors.
 
 
 3
 He claims that his counsel erred by not raising the issue that the defendant did not fall within the statutory definition of a convicted felon, by not objecting to the imposition of an illegal sentence, and by not filing an appeal.
 
 
 4
 1. The district court correctly and completely addressed Bintzler's argument that he did not fall within the statutory definition of a convicted felon under 18 U.S.C. § 921(a). With respect to that claim, we adopt the reasoning in the district court's order, attached.
 
 
 5
 2. Bintzler is not being held subject to an illegal sentence simply because of confusion in the transcript of the sentencing hearing. He is correct that when the oral and written pronouncement of a sentence conflict, the oral sentence usually controls. See United States v. Villano, 816 F.2d 1448 (10th Cir.1987) (en banc). But while this is the general rule, a supposed conflict may be no more than a clerical error which can be remedied under Rule 36 of the Federal Rules of Criminal Procedure. See United States v. Roberts, 933 F.2d 517, 519 n. 1 (7th Cir.1991). We are satisfied that the "three to five year" sentences indicated in the transcript of the sentencing hearing represent no more than a clerical error by the court reporter, and that Bintzler was properly sentenced to two consecutive five year terms. The sentencing judge explained that in ten years as a federal judge he had never imposed an indeterminate sentence. Both the docket entry and the judgment reflect the entry of two consecutive five-year terms. Finally, the judge advised the defendant that "You're probably fortunate with those kind of weapons sitting here that your exposure has been limited to ten years." (Tr. at 39, in App. at 27) (emphasis added). Pursuant to Rule 36, the sentencing judge had the authority to correct the clerical error.
 
 
 6
 3. Bintzler's final complaint about his counsel's alleged ineffectiveness stems from his counsel's failure to file an appeal. Counsel will not be found ineffective per se for failure to appeal an appealable judgment. See Clay v. Director, Juvenile Div., Dept. of Corr., 749 F.2d 427, 436 (7th Cir.1984) (Posner, J., concurring), cert. denied, 471 U.S. 1108 (1985). Bintzler has presented no grounds for appeal which would lead to the conclusion that his counsel's failure to appeal was an error so serious as to deprive him of the counsel guaranteed by the Sixth Amendment. Although he maintains that the sentencing judge acted improperly in failing to advise him of his right to appeal his conviction, Bintzler cites no authority to support this proposition. Federal Rule of Criminal Procedure 32(a)(2) provides that "[t]here shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty." Even if Bintzler did not appeal his conviction or sentence because he did not know he could appeal, this alone is insufficient to show the "cause" necessary to overcome a procedural default. A defendant must take an interest in his own defense. Henderson v. Cohn, 919 F.2d 1270, 1272 (7th Cir.1990).
 
 
 7
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 EASTERN DISTRICT OF WISCONSIN
 
 8
 United States of America, Plaintiff,
 
 
 9
 v
 
 
 10
 Kirk E. Bintzler, Defendant.
 
 Case No. 87-Cr-107
 ORDER
 
 11
 (Nov. 1, 1990).
 
 
 12
 Kirk Bintzler, a federal prisoner in Oxford, Wisconsin, has filed motions for relief under 28 U.S.C. § 2255 and rule 35(a) of the Federal Rules of Criminal Procedure. Both motions allege essentially the same thing; that this court lacked jurisdiction to convict him in 1988 on gun possession charges under 18 U.S.C. § 922(g)(1). I disagree.
 
 
 13
 In 1980, Mr. Bintzler was convicted of armed robbery in state court, and he served a prison sentence of several years. He was discharged from prison in 1986. Under Wisconsin law, Wis.Stat. § 57.078, Mr. Bintzler's civil rights were thereafter automatically reinstated.
 
 
 14
 He now claims that because his civil rights were restored in 1986, he was not a convicted felon as defined by 18 U.S.C. § 921(a)(20). Someone who is not a convicted felon, Mr. Bintzler claims, is not subject to federal prosecution for possession of weapons under section 922(g). In section 921(a)(20), the definition section, it states that "any conviction which has been expunged, or set aside or for which a person ... has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms."
 
 
 15
 Although Wisconsin's civil rights restoration law does not mention anything about a convicted felon's right to possess weapons, the case upon which Mr. Bintzler so heavily relies does not support his clever argument. United States v. Erwin, 902 F.2d 510 (7th Cir.1990). The Erwin court held that the defendant, whose civil rights had been restored by an Illinois statute, was properly convicted in federal court under section 922(g) for two reasons. First, Illinois law prohibited convicted felons from possessing weapons after serving their sentences, despite a separate statute which restored "civil rights." Second, Illinois had not sent the defendant documentation or papers granting or restoring his civil rights. It concluded that the defendant had not been exposed to potential deception about his right to possess weapons. The court suggested that its outcome may have been different if the defendant had been sent notice that all his civil rights had been restored or that he was no longer considered by the state to be "convicted."
 
 
 16
 In Wisconsin, Wis.Stat. § 57.078 restores civil rights automatically. It does not state that ex-felons are permitted to possess weapons. The state sent Mr. Bintzler nothing more than a notice of discharge from custody, and it did not indicate that his civil rights had been restored. Mr. Bintzler was not subject to the kind of potential deception which concerned the court in Erwin.
 
 
 17
 Wisconsin law prohibits convicted felons from possessing firearms. Wis.Stat. § 941.29. This prohibition is not affected by section 57.078. For these reasons, Mr. Bintzler was properly convicted under federal law for the possession of weapons.
 
 
 18
 Furthermore, the other claims forwarded in both motions, including the ineffective assistance of counsel argument, have been reviewed and found to be without merit. Accordingly, Mr. Bintzler's motion under section 2255 and his motion pursuant to rule 35(a) are DISMISSED.
 
 BY THE COURT:
 
 19
 /s/ TERENCE T. EVANS
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs