972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Franklin R. WOOD, Petitioner-Appellant,
v.
Thomas D. RICHARDS and Indiana Attorney General,
Respondents-Appellees.
 No. 91-3247.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 5, 1992.*
Decided Aug. 20, 1992.
 
 Before CUDAHY, and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 In 1988 Franklin Wood pleaded guilty in the Superior Court of Madison, Indiana to four counts of burglary and one count of child molestation. The court denied his motion for postconviction relief on October 4, 1989. He then appealed to the Court of Appeals of Indiana for the Second District, which affirmed the decision of the Superior Court on July 16, 1990. Without first appealing that decision to the Supreme Court of Indiana, Wood filed a pro se petition for a writ of habeas corpus on May 6, 1991.[1]
 
 
 2
 Although the district court denied the petition, it did not address the State's argument that Wood waived his right to federal habeas corpus relief by failing to petition the Supreme Court of Indiana for transfer after the Indiana Court of Appeals affirmed the denial of his motion. Wood appeals pro se from the decision of the district court. Finding that the district court judge need not and should not have reached the merits of Wood's petition, we vacate the judgment of the court.
 
 
 3
 When a federal district court is presented with a petition for habeas corpus relief, its "first duty ... is to examine the procedural status of the cause of action." United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1132 (7th Cir.1990). See also Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir.1988), cert. denied, 490 U.S. 1009 (1989). This the district court apparently did not do. Before a district court may consider the constitutional merits of a habeas petition, the petitioner must have exhausted state court remedies and not procedurally defaulted any of his claims. See, e.g., Resnover v. Pearson, 1992 U.S.App. LEXIS 14492, at *10-11 (7th Cir. June 25, 1992) (distinguishing between exhaustion and procedural default). When "the prisoner by his own default is no longer permitted under state rules to seek review in the highest court, then ... he [should] be deemed to have waived his right to habeas relief on the grounds that he might have presented but did not present to the highest court." Nutall v. Greer, 764 F.2d 462, 464 (7th Cir.1985). An exception to the waiver rule applies, however, if the petitioner meets the cause-and-prejudice standard of Wainwright v. Sykes, 433 U.S. 72 (1977). Nutall, 764 F.2d at 464.[2]
 
 
 4
 Wood offers three explanations for his failure to seek transfer to the Supreme Court of Indiana. None establishes cause. First, he claims that his attorney neglected to inform him of the Court of Appeals' decision. This argument, hinting at ineffective assistance of counsel, lacks merit. If proven ineffective assistance of counsel can be considered cause for a procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). But neither the federal nor Indiana constitution guarantees criminal defendants the right to counsel in a postconviction proceeding. Pennsylvania v. Finley, 481 U.S. 551 (1987); Baum v. State, 533 N.E.2d 1200 (Ind.1989). "Where there is no right to counsel, it is not possible to sustain a claim of ineffective assistance of counsel." Morrison v. Duckworth, 898 F.2d 1300, 1301 (7th Cir.1991). Cf. Coleman v. Thompson, 111 S.Ct. 2546, 2566-67 (1991) (attorney's failure to file state habeas appeal is not cause for procedural default); Nutall, 764 F.2d at 465 (no per se ineffective assistance of counsel in attorney's tactical decision to forgo appeal).
 
 
 5
 Alternatively, Wood cites as cause the failure of the Court of Appeals of Indiana to notify him directly of its decision. He claims that by the time he learned of the court's decision, the deadline for seeking transfer had passed. A twenty-day window in which to seek transfer, we realize, imposes tight time constraints on litigants. See Ind.R.App.P. 11(B). Even so, vigilance must be the watchword for all litigants, whether pro se or represented. They have the obligation to take a minimal interest in their own defenses. Henderson v. Cohn, 919 F.2d 1270, 1272-1273 (7th Cir.1990). Neither Wood nor the State cites (nor have we found) any Indiana statutory or case law indicating who, if anyone, is responsible for notifying parties when the courts enter judgments in their cases. Cf. Lowe v. Letsinger, 772 F.2d 308, 313 n. 5 (7th Cir.1985) (duties of circuit court clerk). In the absence of such authority, it is not evident to us that the Court of Appeals has a special duty to inform a party represented by counsel that it has rendered a decision in his case.
 
 
 6
 In his third attempt to show cause, Wood argues that as a pro se petitioner he is "untrained in the science of law and does not possess the ability to prepare a transfer petition on his own."[3] Appellant's Reply Brief, filed Jan. 23, 1992, at 5. The articulately-constructed briefs he has submitted suggest otherwise. But even if he were illiterate, Wood could not establish cause. "A person may be illiterate yet still have the good sense and mental competence to be concerned and inquire about his convictions." Henderson, 919 F.2d at 1272. If the inability to read and write does not constitute cause, then neither does lack of formal legal training. "[T]here is no right to court-appointed counsel in state collateral proceedings[;] thus, a petitioner's 'failure to act or think like a lawyer cannot be cause for failing to assert a claim.' " Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir.) (citations omitted), cert. denied, 111 S.Ct. 96 (1990). Moreover, we take exception to Wood's suggestion that he did not possess the skill or competency to navigate his way through Indiana's postconviction process. "While Indiana's post-conviction remedies may involve some complexity, this court has found them to be adequate remedies, even for pro se petitioners." Wallace v. Duckworth, 778 F.2d 1215, 1224 (7th Cir.1985).
 
 
 7
 Since Wood cannot establish cause to excuse his procedural default, we need not reach the "prejudice" prong of the cause-and-prejudice standard. Accordingly, the judgment of the district court is VACATED and this cause is REMANDED with instructions to dismiss the petition with prejudice.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 In his petition pursuant to 28 U.S.C. § 2254, Wood contends that the state failed to establish a factual basis for his guilty plea. He also alleges that the trial court erred by failing to inquire why he had denied his guilt during a presentence investigation
 
 
 [2]
 We decline Wood's invitation to overrule Nutall, which does not, as he claims, contradict our holdings in Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982), and Averhart v. Arrendondo, 773 F.2d 919 (7th Cir.1985). Recognizing in those cases traps for the unwary hidden in some of the Federal Rules of Civil and Appellate Procedure, we adopted remedial measures to save laypersons from unreasonable forfeitures and waivers. True, as Wood points out, in Lewis we left open for another day the possible extension of some sort of notice requirement to pro se applicants for habeas corpus. Id. at 102. But we are unpersuaded by Wood's claim that the day is now upon us. By requiring that state courts have a full and fair opportunity to address constitutional claims that form the bases of federal habeas petitions, the exhaustion and procedural default doctrines serve the essential function of preserving comity between the state and federal judicial systems. See Picard v. Connor, 404 U.S. 270, 275-276 (1971). Notwithstanding Wood's arguments to the contrary, Nutall--which promotes these policies--remains good law in both senses of the word
 
 
 [3]
 This rationale is seemingly inconsistent with the two other explanations Wood offers. If he truly did not become aware of the decision by the Court of Appeals of Indiana until after the deadline for transfer had elapsed, it matters not whether he lacks formal legal training or, for that matter, holds an LL.M. in litigation