1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Carl LEIBOWITZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3369.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1993.*
Decided Aug. 6, 1993.
 
 Before MANION and ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 In 1987, Carl Leibowitz was convicted of numerous offenses, including conspiring to use interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. Sec. 371 and 18 U.S.C. Sec. 1952A. Leibowitz received six concurrent five-year sentences. He appealed his conviction to this court, raising a variety of issues, none of which are involved in this appeal.[1] We affirmed the conviction. United States v. Leibowitz, 857 F.2d 373 (7th Cir.1988).
 
 
 2
 On August 31, 1989, Leibowitz filed a motion for a new trial under Fed.R.Crim.P. 33 on the grounds that the government's main witness had recanted. We affirmed the district court's refusal to grant a new trial. Leibowitz v. United States, 919 F.2d 482 (7th Cir.1990), cert. denied, 111 S.Ct. 1428 (1991).
 
 
 3
 On June 10, 1991, pursuant to 28 U.S.C. Sec. 2255, Leibowitz filed a motion to vacate his convictions on four counts on the ground that the murder-for-hire statute, 18 U.S.C. Sec. 1952A, was not in effect at the time of the commission of his offense and that it was unconstitutionally vague because it failed to specify an effective date. We rejected these arguments and affirmed the denial of his Sec. 2255 motion. Leibowitz v. United States, 978 F.2d 1261 (7th Cir. Oct. 23, 1992).
 
 
 4
 While his appeal of this Sec. 2255 motion was pending, Leibowitz filed another Sec. 2255 motion, which is the subject of the instant appeal. In this motion, Leibowitz alleged a fatal variance between the indictment and the proof at trial. Specifically, he claimed that the government, which had alleged violations of 18 U.S.C. Sec. 371,[2] was required to prove that the target of his murder-for-hire scheme was the United States and that the government failed to prove this. Without requiring the government to respond, the district court denied the motion. The court noted that Leibowitz could have raised this argument in his direct appeal or in his first Sec. 2255 motion. The district court then rejected Leibowitz' arguments on the merits.
 
 
 5
 On appeal, Leibowitz renews his argument that he was deprived of due process because there was a variance between the indictment and the proof at trial. This argument has been available to Leibowitz ever since he was convicted. The government argues that Leibowitz' failure to raise this argument previously constitutes a procedural default that bars his raising it now.[3] A motion under Sec. 2255 is not a substitute for a direct appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992). "[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised in a direct appeal." Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir.1989).
 
 
 6
 Leibowitz does not argue for the existence of cause or prejudice in either his opening brief or his reply brief. Instead, he attempts to bypass the issue by quoting a passage from our unpublished order affirming the denial of his first Sec. 2255 motion. Reply Br. 4. In that order, we declined to accept the government's procedural default argument. The government had conceded to the district court that, in that particular case, the doctrine of procedural default did not apply because Leibowitz' argument attacked the jurisdiction of the district court. (Leibowitz had argued that 18 U.S.C. Sec. 1952A had not gone into effect at the time he committed the offenses, so that the district court lacked jurisdiction to try him under that statute.) Leibowitz has raised no jurisdictional argument in the instant Sec. 2255 motion. Thus, our conclusion that the government waived the procedural default argument in the previous appeal is irrelevant in this appeal.
 
 
 7
 Although Leibowitz does not address either cause or prejudice in his arguments to this court, he does state in his Sec. 2255 motion that he did not raise the variance issue earlier because he was not aware of it until he read about it in the August 17, 1992 edition of the National Law Journal. R. 1, at 5. Mere ignorance of the law, however, does not constitute cause (within the meaning of the procedural default doctrine) for failing to raise an issue on direct appeal. See Henderson v. Cohn, 919 F.2d 1270, 1272 (7th Cir.1990) (holding that illiteracy is not cause, citing with approval cases holding that ignorance of the law is not cause). Moreover, it is questionable whether Leibowitz' knowledge of the law (or lack thereof) is even relevant in this case because Leibowitz was represented by an attorney in his direct appeal. Attorney error can constitute cause for a procedural default, but only if the attorney rendered ineffective assistance of counsel. Otherwise, a defendant bears the risk of attorney error that results in a procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). Leibowitz has not suggested that his appellate attorney was constitutionally ineffective for failing to raise this issue. Because Leibowitz has failed to demonstrate cause for his procedural default, we need not address the issue of prejudice. Reed v. United States, 985 F.2d 880, 883 (7th Cir.1993). Leibowitz is barred from raising this variance issue for the first time in a Sec. 2255 motion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 He did argue that there was a variance between the proof and the indictment, but that variance argument differs from the one he advances in this appeal. Compare Leibowitz, 857 F.2d at 374 with Section 2255 Motion (R. 1)
 
 
 [2]
 Section 371 states:
 If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.
 Section 371 punishes two types of conspiracies: those to commit offenses specifically defined elsewhere in the federal criminal code and those to defraud the United States. United States v. Minarik, 875 F.2d 1186 (6th Cir.1989). Leibowitz was charged with the first type of conspiracy. There is authority for the proposition that the first type of conspiracy, unlike the second type, does not require that the United States be the target of the offense, only that there be a conspiracy to commit a violation of the laws of the United States. See Egan v. United States. 137 F.2d 369, 378 (8th Cir.) (interpreting predecessor to Sec. 371), cert. denied, 320 U.S. 788 (1943). Leibowitz inappropriately relies on cases involving the second type of conspiracy to support his claim that the target of the conspiracy must be the United States. Tanner v. United States, 483 U.S. 107 (1987); United States v. Mitcheltree, 940 F.2d 1329, 1335 (10th Cir.1991); United States v. Barker Steel Co., 774 F.Supp. 65, 66 (D.Mass.1991), rev'd 985 F.2d 1123 (1st Cir.1993). Thus, although we do not reach the merits of Leibowitz' claim (as we will explain), we note that even if we did, his argument would rest on weak footing.
 
 
 [3]
 The government also mentions that Leibowitz' variance argument could have been raised in the first Sec. 2255 motion, suggesting that Leibowitz may have abused the writ. See McClesky v. Zant, 111 S.Ct. 1456 (1991). The government, which bears the burden of pleading abuse of the writ, fails to make the argument. Therefore, we will not consider whether Leibowitz abused the writ