14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 James E. TAYLOR, Petitioner-Appellant,
v.
Howard A. PETERS, III and Attorney General of Illinois,
Respondents-Appellees,
 No. 92-1351.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 19, 1993.*
Decided Dec. 8, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 In 1976, an Illinois jury found James Taylor guilty of kidnapping and murder, for which he is serving a concurrent indeterminate term of 100 to 200 years and 20 years respectively. After exhausting his state remedies for challenging his conviction and sentence, Taylor filed his first petition for a writ of habeas corpus,[1] 28 U.S.C. Sec. 2254, which was denied in 1983. In 1990, Taylor filed a petition for post-conviction relief raising additional issues not brought on direct appeal. Because more than ten years had lapsed since final judgment, the post-conviction court dismissed the petition. Both the Illinois Appellate Court and Supreme Court affirmed the dismissal. Taylor then filed a second petition for habeas relief, asserting as grounds those issues raised in his post-conviction petition.[2] Upon the recommendation of the magistrate judge, the district court dismissed the second petition as an abuse of the writ, finding that Taylor had demonstrated neither cause and prejudice for failing to bring these claims in his prior petition, nor a colorable claim of factual innocence.[3]
 
 
 2
 Rule 9(b) of the Rules Governing Habeas Corpus Proceedings permits a court to dismiss a habeas petition which raises new or different grounds for relief, if the failure to assert those grounds in the prior petition constitutes an abuse of the writ. 28 U.S.C. Sec. 2254 (Rule 9(b)). The failure to raise these claims in his first Sec. 2254 petition may be excused if Taylor establishes actual innocence under the approach of Kuhlmann v. Wilson, 477 U.S. 436, 106 S.Ct. 2616 (1986), or at a minimum cause for his failure and prejudice resulting from that default. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 3
 A petitioner can demonstrate cause by identifying the external impediment (e.g., governmental interference or the unavailability of a factual basis) which hampered his ability to assert his claims earlier. Murray v. Carrier, 477 U.S. 478, 488 (1986), McClesky, 111 S.Ct. at 1472. On appeal, Taylor contends that he clearly illustrated that both his trial and appellate counsel's failure to raise these claims in the Illinois courts constituted ineffective assistance of counsel. While ineffective assistance of counsel can constitute cause, Taylor makes no attempt to explain how his counsel's failure to raise all of these claims on direct appeal prevented him from bringing them in a timely post-conviction proceeding. He argues only that because he was illiterate in the law, he was unable to discern his counsel's ineffectiveness until his direct appeal had been resolved. But Taylor's lack of legal expertise does not in itself constitute cause. See Henderson v. Cohn, 919 F.2d 1270, 1272 (7th Cir.1990). Even if we were to construe Taylor's argument as implying that he did not possess nor could have reasonably possessed the information necessary to raise these issues at the time of his first petition, it does not explain why he waited to proceed with a post-conviction action. Cf. McClesky, 111 S.Ct. at 1472 (petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims in first petition). Neither does this explain why he choose not to assert the additional claims in his first petition and argue ineffective assistance as cause for failing to exhaust the claims on direct appeal. Nevertheless Taylor concedes that he choose to proceed with the first habeas petition without asserting all of his claims because he feared the inclusion of unexhausted claims would result in dismissal of the first petition under Rose v. Lundy, 455 U.S. 509, 521 (1982). The deliberate abandonment of claims that could have been raised in the first petition is an indubitable abuse of the writ. McClesky, 111 S.Ct. at 1467-68; see also Sanders v. United States, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078 (1963). Because the district court correctly found that Taylor is unable to show cause for his procedural default, we need not address the question of prejudice.
 
 
 4
 Having concluded that Taylor cannot show cause for his default, his failure to raise the new claims in the earlier petition will nonetheless be excused if he can demonstrate that a fundamental miscarriage of justice would result unless the merits of the claim are considered. The miscarriage of justice exception requires federal courts to entertain successive petitions when a petitioner has demonstrated a "colorable showing of factual innocence." McClesky, 111 S.Ct. at 1471 (quoting Kuhlmann, 477 U.S. at 454, 106 S.Ct. at 2627). Taylor supplements the alleged constitutional violations underlying his conviction with only a cursory claim that he is innocent. He has utterly failed, however, to offer any support for this claim.
 
 
 5
 Accordingly, the district court did not abuse its discretion in summarily dismissing Taylor's second petition as an abuse of the writ.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Taylor's first petition challenged the following: (1) venue, (2) sufficiency of the evidence, (3) admissibility of evidence, (4) rebuttal testimony
 
 
 [2]
 Taylor's second habeas petition raised the following claims: (1) ineffective assistance of trial and appellate counsel, (2) improper exclusion of black jurors, (3) counsel failed to call an expert witness to testify regarding Taylor's fitness to stand trial, (4) the prosecutor gave an improper closing argument, (5) the court erred in refusing to suppress identification evidence, (6) insufficient verdict forms, (7) sentence violated the Eighth Amendment, and (8) denial of due process related to waiver
 
 
 [3]
 The district court accepted petitioner's untimely objections to the Magistrate's Report and Recommendation, but upon review, found no change was needed in the court's Order of December 24, 1991