Peter **GALOWSKI**, Petitioner,

v.

Gerald **BERGE**, Warden, Fox Lake
Correctional Institution, Fox Lake
Wisconsin, Respondent.

No. 93–C–815.

United States District Court,
E.D. Wisconsin.

Dec. 16, 1993.

Peter Galowski, pro se.

James E. Doyle, Atty. Gen. by Daniel J. O'Brien, Asst. Atty. Gen., Madison, WI, for respondent.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On August 4, 1993, the petitioner, Peter Galowski, filed a second federal petition for a writ of habeas corpus in which he presented two constitutional challenges to his January 30, 1978, conviction in the circuit court for Portage county of two counts of first degree murder. Presently, he is serving two consecutive life sentences for his first degree murder conviction in the Fox Lake Correctional Institution.

In his instant petition, Mr. Galowski offers the following challenges to his judgment of conviction: (1) "denial of conflict free representation" by trial counsel; and (2) "denial of a meaningful appeal" due to his failure to be provided with a transcript of a hearing in connection with the state's claim that his attorney intimidated a state's witness.

In its answer, the state responded that Mr. Galowski's presentation of these two claims for the first time in the second federal habeas petition was an abuse of the writ. 28 U.S.C. § 2244(b); Rule 9(b) of the Rules Governing Habeas Corpus Cases Under Section 2254. In addition, the state argued that Mr. Galowski had procedurally defaulted in presenting these claims to the state courts and was therefore barred from raising them before this court. Mr. Galowski filed his traverse to the answer on November 23, 1993.

For the following reasons, Mr. Galowski's second federal petition for a writ of habeas corpus will be dismissed.

### I. Procedural Background

In January 1978, Mr. Galowski was convicted by a Wisconsin state court jury of two counts of first degree murder. He then filed a direct appeal in which he raised three arguments: (1) the complaint failed to establish probable cause; (2) the trial court erred in allowing certain rebuttal testimony; and (3) the trial court erred in refusing to give the standard accomplice testimony jury instruction. The Wisconsin court of appeals

affirmed the judgment of conviction, *Galowski v. State*, 99 Wis.2d 805, 300 N.W.2d 84 (Ct.App.1980), and the Wisconsin supreme court denied his petition for review. *Galowski v. State*, 99 Wis.2d 812, 306 N.W.2d 252 (1981).

Subsequently, Mr. Galowski filed a petition for post-conviction relief under Wis.Stat. § 974.06 in which he challenged the effectiveness of his trial counsel and maintained that the trial court improperly sentenced him to two consecutive life sentences. As to his claim of ineffective assistance of counsel, Mr. Galowski asserted that the performance of his trial counsel was deficient in seven particulars: (1) counsel failed to interview alibi witnesses; (2) counsel failed to interview other witnesses, Steve Betro and Gary Johnson; (3) counsel failed to interview Gladys Schick, a witness at the murder scene, until two weeks before trial; (4) counsel failed to permit him to decide whether he should testify at trial; (5) counsel failed to seek a mistrial due to alleged prosecutorial overreaching; (6) counsel used Julie Wypych, petitioner's girlfriend, as an alibi and character witness which opened the door to testimony regarding an incident in which he was abusive to a police officer; and (7) counsel failed to interview two sheriff deputies regarding his damaged jacket.

After a hearing was held, the trial court denied Mr. Galowski's petition for post-conviction relief. *State v. Galowski*, No. 7–10 (Portage Cir.Ct. July 11, 1986). This decision was affirmed by the Wisconsin court of appeals, *State v. Galowski*, 140 Wis.2d 866, 412 N.W.2d 901 (Ct.App.1987), and the Wisconsin supreme court denied Mr. Galowski's petition for review. *State v. Galowski*, 141 Wis.2d 984, 416 N.W.2d 297 (1987).

Mr. Galowski then filed his first federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States district court for the western district of Wisconsin. The first federal habeas petition was properly filed in the western district of Wisconsin because Mr. Galowski was convicted and sentenced by a state court in Portage county, and he was incarcerated in the Columbia Correctional Institution in Portage at the time of the filing of that petition. *See* 28 U.S.C. § 2241(d) (where a state contains two or more federal judicial districts, the petition for a writ of habeas corpus may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him). Currently, Mr. Galowski is incarcerated in the Fox Lake Correctional Institution which is located in the eastern judicial district of Wisconsin.

In his initial federal petition for a writ of habeas corpus, Mr. Galowski challenged his conviction on four grounds: (1) ineffective assistance of trial counsel; (2) the legality of the imposition of two consecutive life sentences; (3) denial of the effective assistance of appellate counsel; and (4) failure of the trial court to give an accomplice jury instruction. With respect to his claim of ineffective assistance of trial counsel, Mr. Galowski alleged four specific deficiencies in his attorney's performance: (1) failure to inform him of his right to testify; (2) failure to interview alibi witnesses; (3) failure to interview Steve Betro and Gary Johnson; and (4) failure to request a mistrial based on Harrington's perjured preliminary hearing testimony.

The district court, Judge John S. Shabaz presiding, denied Mr. Galowski's petition for a writ of habeas corpus, *Galowski v. Murphy*, No. 87–C–946–S (W.D.Wis. Feb. 17, 1988); that decision was affirmed by the court of appeals for the seventh circuit. *Galowski v. Murphy*, 891 F.2d 629 (7th Cir. 1989). On April 30, 1990, the Supreme Court of the United States denied Mr. Galowski's petition for a writ of certiorari. *Galowski v. Murphy*, 495 U.S. 921, 110 S.Ct. 1953, 109 L.Ed.2d 315 (1990).

Mr. Galowski then filed a second state post-conviction motion under Wis.Stat. § 974.06 in which he argued, for the first time, that his trial counsel was ineffective because she labored under an actual conflict of interest during her representation and that a new trial must be granted because a transcript of the hearing which invoked the conflict of interest could not be located. The trial court denied his motion for post-conviction relief on the ground that Mr. Galowski had procedurally defaulted by failing to pres-

ent these claims in his first post-conviction motion under Wis.Stat. § 974.06. *Galowski v. State,* No. 91–0451 (Clark Cir.Ct. Jan. 29, 1991). The Wisconsin court of appeals affirmed that decision, *Galowski v. State,* 168 Wis.2d 774, 486 N.W.2d 36 (Ct.App.1992), and on July 14, 1992, the Wisconsin supreme court denied Mr. Galowski's petition for review. *State v. Galowski,* 490 N.W.2d 21 (Wis.1992).

In the petition for a writ of habeas corpus filed with this court, Mr. Galowski asks that the merits of the claims that the state court declined to address on the basis of procedural default be considered. With respect to his new ineffective assistance of counsel claim, he argues that Mary Sfasciotti, his trial attorney, failed adequately to represent him when she attempted to negate the state's charges that she had intimidated a state's witness. Specifically, he alleges that a hearing was conducted in connection with the state's charges at which Ms. Sfasciotti, herself, was a witness. According to Mr. Galowski, because he was unrepresented at this hearing, he was unrepresented at a crucial stage in the proceedings and is therefore entitled to a new trial.

Mr. Galowski also maintains that a new trial is warranted because a transcript of the hearing cannot be located.

### II. Law

■ "Unless a habeas petitioner shows cause and prejudice, *see Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), a court may not reach the merits of: ... (b) new claims, not previously raised which constitute an *abuse of the writ, McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); or (c) *procedurally defaulted claims* in which the petitioner failed to follow applicable state procedural rules in raising the claims. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)." *Sawyer v. Whitley,* —— U.S. ——, ——, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992) (emphasis in original). The cause and prejudice analysis employed in procedural default cases applies to an abuse of the writ inquiry. *McCleskey,* 499 U.S. at 493–494, 111 S.Ct. at 1470.

■ If the petitioner is not successful in showing cause and prejudice, the court can excuse his or her failure to comply with the state procedure or his or her failure to raise the claim in an earlier petition if he or she can show that a "fundamental miscarriage of justice would result" if the claim was not considered. *McCleskey,* 499 U.S. at 493–494, 111 S.Ct. at 1470; *see also Murray,* 477 U.S. 478, 106 S.Ct. 2639. This exception is concerned with the extraordinary instances in which a constitutional violation probably has caused the conviction of one innocent of the crime. *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649. Moreover, the miscarriage of justice exception is interested in actual innocence as compared to legal innocence. *Sawyer,* —— U.S. at ——, 112 S.Ct. at 2519.

### III. Abuse of the Writ

■ The state bears the burden of pleading abuse of the writ. *Price v. Johnston,* 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948). Once the state meets its burden, the burden then shifts to the petitioner to show that presentation of the new claim does not constitute an abuse under the cause and prejudice standard. *See Price,* 334 U.S. at 292, 68 S.Ct. at 1063.

■ The petitioner's opportunity to meet the burden of cause and prejudice does not include an evidentiary hearing if the district court determines, as a matter of law, that the petitioner cannot satisfy the standard. *McCleskey,* 499 U.S. at 493–494, 111 S.Ct. at 1470. The cause standard obligates the petitioner to show that some objective factor external to the defense impeded his or her efforts to make the claim in an earlier petition. *Id.* (citing *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645). Objective factors that amount to cause include " 'interference by officials' " which made raising the claim in an earlier petition impracticable, and "a showing that the factual or legal basis for a claim was not reasonably available." *Id.* Furthermore, "ineffective assistance of counsel" which rises to a constitutional violation is cause. *Id.*

■ In the instant action, the state noted Mr. Galowski's prior writ history and argued

that the claims currently advanced by Mr. Galowski—denial of conflict free representation and denial of a meaningful appeal—did not appear in his first federal habeas corpus petition. Moreover, the state specifically alleged in its answer that Mr. Galowski had abused the writ. The state has met its burden of pleading abuse of the writ. *McCleskey,* 499 U.S. at 493–494, 111 S.Ct. at 1470.

In response, Mr. Galowski's only explanation for failing to raise these new claims is that he "had no understanding of the legal significance" of the claims "and consequently after the hearing [he] forgot about it [sic]...." (Petitioner's Traverse at 5.) He contends that he did not discover the merits of these claims until he discussed his case with another inmate including what type of motions were filed and what type of hearings were held. (Petitioner's Traverse at 4.)

The court of appeals for the seventh circuit has concluded that a petitioner's failure to act or think like a lawyer cannot be cause for failing to assert a claim. *Henderson v. Cohn,* 919 F.2d 1270, 1272 (7th Cir.1990) (quoting *Smith v. Newsome,* 876 F.2d 1461, 1465–66 (11th Cir.1989)). Thus, the fact that Mr. Galowski did not recognize the legal significance of his new claims, without more, does not amount to cause.

I am also unpersuaded by Mr. Galowski's contention that he "forgot" about these claims as a result of his inability to understand the legal significance of them in view of the fact that he has extensively litigated numerous post-conviction issues before the state courts and before another federal district court. That Mr. Galowski had ample opportunity to recall the events surrounding his case and the details of his legal representation prior to discussing his case with a fellow inmate, is evident from the fact that he has previously challenged the effectiveness of his representation on seven different grounds before various state courts and a federal district court. He does not allege that the state or his custodian obstructed his efforts to challenge the effectiveness of his counsel on conflict of interest grounds or to argue that he was denied a meaningful appeal.

Accordingly, I find, as a matter of law, that the petitioner has not demonstrated cause for his failure to raise his denial of conflict free representation claim or his denial of a meaningful appeal claim in his first federal petition for a writ of habeas corpus. Because Mr. Galowski is unable to show cause, I need not reach the issue of whether he is able to establish prejudice. Furthermore, insofar as I have concluded that the presentation of his new claims constitutes an abuse of the writ, I need not engage in an independent analysis of whether the doctrine of procedural default precludes me from addressing the merits of these claims. *Sawyer,* —— U.S. at ——, 112 S.Ct. at 2518.

### IV. Miscarriage of Justice Exception

Although I have determined that Mr. Galowski was not successful in establishing cause, I am permitted to excuse his failure to raise the new claims in an earlier petition if such failure would result in the conviction of an innocent person. *McCleskey,* 499 U.S. at 493–494, 111 S.Ct. at 1470; *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649. A review of Mr. Galowski's petition and traverse reveals that they are devoid of any allegations that he is actually innocent of the crimes of which he was convicted. In the absence of such allegations, I find that Mr. Galowski has not established that a miscarriage of justice would occur if I did not consider his claims.

Therefore, IT IS ORDERED that Mr. Galowski's petition for a writ of habeas corpus be and hereby is dismissed, with prejudice.