770 P.2d 805

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Bryan Stuart LANKFORD, Defendant-Appellant.**

No. 17284.

Supreme Court of Idaho.

March 16, 1989.

---

Joan M. Fisher, Genessee, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen. (argued), Boise, for plaintiff-respondent.

BAKES, Justice.

Appellant Lankford appeals from the trial court's denial of his motion to reduce sentence filed under Idaho Criminal Rule 35. The trial court denied the motion on the ground that it was not timely filed, relying on I.C. § 19–2719, which provides that where the judgment imposes the punishment of death, the defendant must file any legal or factual challenge to the judgment and sentence, whether by post conviction procedure, habeas corpus, or any other provision of state law, within 42 days after the filing of the judgment imposing the death penalty. While Lankford's Rule 35 motion was filed within 120 days of the imposition of sentence, it was not filed within forty-two days of the filing of the judgment imposing the punishment of death. Lankford alleges on appeal that the trial court erred in following the statute, I.C. § 19–2719, rather than I.C.R. 35.

In *State v. Beam,* 115 Idaho 208, 766 P.2d 678 (1988), this Court upheld the requirement in I.C. § 19–2719(4) that "[a]ny remedy available by post-conviction procedure, habeas corpus or any other provision of state law must be pursued according to the procedures set forth in [that] section and within the [42–day] time limitations of subsection (3)...." Lankford's motion to reduce sentence was not filed within 42 days of the judgment imposing the death penalty and accordingly, the trial court did not err in denying defendant's motion for reduction of sentence on the grounds that it was not timely filed.

The district court order is affirmed.

SHEPARD, C.J., and BISTLINE, HUNTLEY and JOHNSON, JJ., concur.

BISTLINE, J., concurs, but subject to any reservations heretofore expressed as to the validity of statutory law which arbitrarily shortens a defendant's time in which to seek relief by post conviction proceedings or habeas corpus proceedings.