**Maxwell. HOFFMAN, Petitioner,**

v.

**A.J. ARAVE, Warden, et al., Respondent.**

**Civil No. 94–0200–S–BLW.**

United States District Court,
D. Idaho.

June 13, 1997.

---

Ellison M. Matthews, Boise, ID, Charles F. Peterson, Boise, ID, for Petitioner.

Lynn E. Thomas, Sol.Gen., Boise, ID, Alan G. Lance, Office of Atty. Gen., Boise, ID, Kenneth M. Robins, L. LaMont Anderson, Michaelina Murphy, Office of Atty. Gen., Criminal Law Div., Capital Litigation Unit, Boise, ID, for Respondent.

### MEMORANDUM DECISION AND OR-DER REGARDING PROCEDURAL DEFAULT AND MOTION FOR EVI-DENTIARY HEARING

WINMILL, District Judge.

Pursuant to the court's scheduling order, the parties to this habeas action have submitted briefs addressing the application of the procedural default bar to the grounds for relief set forth in the final petition for writ of habeas corpus. The parties also have filed briefs addressing the petitioner's motion for a federal evidentiary hearing. Having examined the available law, the record and the materials submitted by the parties, the court now rules as follows.

### DISCUSSION

**A. Legal Framework: Exhaustion and Procedural Default**

Ordinarily, before a habeas court can consider the merits of a state prisoner's petition for writ of habeas corpus, the court must be satisfied that each claim set forth in the petition is exhausted. *See* 28 U.S.C. § 2254(b) (application for a writ of habeas corpus cannot be granted unless the claims asserted have been exhausted in state court); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (same). "The exhaustion requirement may be satisfied in two

ways: by showing either that no state remedies are available or that the state supreme court has been presented with a fair opportunity to rule on the merits of the claim." *Harmon v. Ryan,* 959 F.2d 1457, 1460 (9th Cir.1992). Where no state remedies remain available, although the claim is deemed exhausted, the petitioner's failure to timely seek state court review will often constitute a default under the state's procedural rules. *Id.* at 1461. If a default rests on a state procedural rule that "provides an independent and adequate state-law ground for the conviction and sentence," the habeas court must refrain from reviewing the claim unless the petitioner can demonstrate "cause and prejudice" or that a fundamental miscarriage of justice would result from a failure to entertain the claim. *Gray v. Netherland,* ⸺ U.S. ⸺, ⸺ ⸺ ⸺, 116 S.Ct. 2074, 2080–81, 135 L.Ed.2d 457 (1996); *Wells v. Maass,* 28 F.3d 1005, 1008 (9th Cir.1994).

 To obtain habeas review, then, the petitioner must satisfy the exhaustion requirement while, at the same time, avoiding procedural default by showing that he has complied with the state's procedural default rules and presented the state court with a fair opportunity to rule on the merits of his federal claims. *See Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (claims may be reviewed by the habeas court if the petitioner has "fairly presented" the federal claims to the state courts so as to give the state the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights"). In this respect, the petitioner must have "fairly presented" the "state courts with the same claim he urges upon the federal courts." *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Specifically, the petitioner's federal claim has been "fairly presented" if in state court the petitioner made an express "reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray,* ⸺ U.S. at ⸺, 116 S.Ct.

at 2081; *see also Duncan,* 513 U.S. at 365, 115 S.Ct. at 888 ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

 Enumeration of the claim's operative facts, without more, is not adequate to alert the state court to the federal nature of the claim. *Johnson v. Zenon,* 88 F.3d 828, 829–31 (9th Cir.1996). Similarly, the reliance in state court on a state law ground, or on a different theory of federal law than relied upon in the habeas court, does not constitute a fair presentation of the petitioner's federal claim. *Id.* In general, then, a claim will be adjudicated in the habeas proceeding only if the same claim has first been expressly presented to the state court.

 However, in a situation unique to Idaho, under certain circumstances the federal court is free to address a claim in habeas even though the petitioner did not specifically present the claim to the Idaho Supreme Court. In *Beam v. Paskett,* 3 F.3d 1301 (9th Cir.1993), *cert. denied,* 511 U.S. 1060, 114 S.Ct. 1631, 128 L.Ed.2d 354 (1994), the Ninth Circuit determined that federal claims alleging a constitutional violation at sentencing have been "implicitly" considered by the Idaho Supreme Court as part of that court's mandatory review under Idaho Code § 19–2827. 3 F.3d at 1306–02. Because § 19–2827 requires the state supreme court to determine whether a sentence of death was imposed under the influence of "any arbitrary factor," the Ninth Circuit panel concluded that the Idaho Supreme Court necessarily considers "claims of error that fall within its obligatory review even if the defendant has not raised those claims with specificity." *Id.* Thus, after *Beam,* a petitioner who alleges a sentencing error in the federal court may obtain habeas review even though the claim has not been fairly presented to the Idaho Supreme Court.[1] *See id.*

1. The *Beam* opinion has been limited to the precise contours of Idaho's mandatory review statute, § 19–2817. No other panel of the Ninth Circuit, and no other circuit court, has applied *Beam* 's analysis to any other state statutory scheme. *See, e.g., Bennett v. Angelone,* 92 F.3d 1336, 1344–45 (4th Cir.), *cert. denied,* ⸺ U.S.

⸺, 117 S.Ct. 503, 136 L.Ed.2d 395 (1996). At least two courts have flatly refused to follow *Beam's* holding. *Sechrest v. Ignacio,* 943 F.Supp. 1245, 1249–50 (D.Nev.1996); *Scott v. Singletary,* 870 F.Supp. 328, 335 (S.D.Fla.), *aff'd,* 38 F.3d 1547 (11th Cir.1994), *cert. denied,* 515 U.S. 1145,

The scope of *Beam*, however, is limited to constitutional errors that are alleged to have occurred during the imposition of the death sentence in a particular case. *Id.* at 1306 ("Idaho law establishes a mandatory review system in which the state supreme court is required to examine the record on its own initiative in order to determine whether certain specified types of errors occurred during sentencing."); *Paradis v. Arave*, 667 F.Supp. 1361, 1366 (D.Idaho 1987) (explaining that review pursuant to § 19–2827 "does not extend to every issue which may or may not arise as to pretrial and trial proceedings, but only applies to the sentencing procedure and death sentence"). In particular, constitutional challenges to the choice of legal standards, the determination of fact and the application of law to fact during the sentencing proceeding all fit within the *Beam* rationale. *See Beam*, 3 F.3d at 1306–07. Claims that make a broad-based constitutional challenge to Idaho's death penalty process or allege constitutional error unrelated to the sentencing, are not encompassed by § 19–2827 or *Beam*. *See id.*

**B. Fairly Presented and/or *Beam* Claims**

The petitioner contends that the claims listed below, all set forth in paragraph 13 of the final petition, either were "fairly presented" to the state supreme court on consolidated appeal or were implicitly considered by the state court pursuant to § 19–2827 and *Beam*. The respondent, on the other hand, asserts that these same claims are procedurally defaulted:

1. That the "heinous, atrocious and cruel, manifesting exceptional depravity" aggravating circumstance is unconstitutionally vague, and the state court's finding is not supported by the evidence in violation of

the Eighth and Fourteenth Amendments ("claim A");

2. That the failure to authorize funds for a psychiatrist at the post-conviction relief stage denied the petitioner his Fifth, Sixth, Eighth and Fourteenth Amendment rights ("claim B");

3. That the state court's order prohibiting counsel from being present for the presentence investigation interview denied the petitioner his Fifth, Sixth, Eighth and Fourteenth Amendment rights ("claim C");

4. That the imposition of the death sentence without proof that the petitioner killed, attempted to kill, intended to kill or acted with reckless indifference to human life, violated the Eighth and Fourteenth Amendments ("claim G");

5. That the sentence of death imposed on petitioner was disproportionate to the sentences imposed on other individuals convicted of murder under similar circumstances, in violation of the Fifth, Eighth and Fourteenth Amendments ("claim H");

6. That the Idaho statute authorizing the death penalty creates a mandatory presumption in favor of the death sentence in violation of the Eighth Amendment ("claim J");

7. That the Idaho statute, which fails to require a jury to sentence a person to death, denied petitioner his right to due process under the Sixth, Eighth and Fourteenth Amendments ("claim K");

8. That the state court's failure to properly find and weigh the mitigating and aggravating factors violated the Fifth, Eighth and Fourteenth Amendments ("claim L");

---

115 S.Ct. 2585, 132 L.Ed.2d 834 (1995). Other courts have distinguished *Beam* on grounds that appear to make only a nominal difference. *See, e.g., Nave v. Delo*, 62 F.3d 1024, 1038–39 (8th Cir.1995), *cert. denied*, — U.S. —, 116 S.Ct. 1837, 134 L.Ed.2d 940 (1996); *United States ex rel. Collins v. Welborn*, 868 F.Supp. 950 (N.D.Ill. 1994), *aff'd*, 81 F.3d 684 (7th Cir.1996), *cert. granted in part*, — U.S. —, 117 S.Ct. 726, 136 L.Ed.2d 643 (1997).

Furthermore, the *Beam* decision is built on a case, *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), that the United States Supreme Court declined to apply to the

federal habeas arena. *See Coleman v. Thompson*, 501 U.S. 722, 741, 111 S.Ct. 2546, 2560, 115 L.Ed.2d 640 (1991) ("*Ake* was a direct review case. We have never applied its rule regarding independent state grounds in federal habeas."). Although these cases convince this court that *Beam* was wrongly decided, the court cannot agree with the respondeat's contention that *Beam* has been effectively overruled. Until the Ninth Circuit expressly announces its disapproval, or the state modifies its mandatory review process, this court is bound by the *Beam* decision.

9. That the Idaho statute governing post-conviction remedies in capital cases denies the petitioner due process and equal protection as well as effective assistance of counsel and meaningful appellate review in violation of the Eighth Amendment ("claim M"); and

10. That the trial court erred by admitting statements of the petitioner taken in violation of his right to counsel under the Fifth, Sixth and Fourteenth Amendments ("claim N").

The court will consider each claim in turn.

### 1. Claim A

■ In federal court, the petitioner alleges in claim A that the "heinous, atrocious and cruel" aggravating circumstance is unconstitutionally vague and that the evidence offered at trial is insufficient to establish the aggravating circumstance. This claim is substantially the same as presented to the state court. There, the petitioner relied on the Eighth and Fourteenth Amendments to support his contention that the trial court improperly applied the aggravating circumstance to the facts of his case. *See* Br. of Appellant, No. 18280 & 18581, at 63. Specifically, the petitioner argued that the aggravating circumstance was not supported by the evidence, *id.* at 63–66, and that the aggravating circumstance was vague and ambiguous, *id.* at 66–67. Claim A, then, has been "fairly presented" to the Idaho Supreme Court.

■ In addition, claim A is a *Beam* type claim. The claim alleges a constitutional violation in relation to the imposition of the death penalty at the petitioner's sentencing. Under the rationale set forth in *Beam*, claim A has been implicitly considered by the Idaho Supreme Court. *See* 3 F.3d at 1306–07. Because claim A has been either "explicitly or implicitly" considered by the state court, the claim is not procedurally defaulted and may be addressed in the course of the habeas proceeding. *See id.*

### 2. Claim B

■ In claim B, the petitioner alleges that the failure to authorize funds for a psychiatrist during the state post-conviction pro-

ceeding violated his Fifth, Sixth, Eighth and Fourteenth Amendment rights. However, the respondent asserts that the claim presented to the state court was based solely on a due process violation. Answer at 8. The petitioner, in turn, appears to concede that he did not rely on the Fifth and Sixth Amendments in state court, but contends that he did present the claim under the Eighth Amendment, as well as alleging a due process violation. *See* Petr.'s Br. Regarding Procedural Default at 9–11.

The court disagrees. In state court, the petitioner did not identify any constitutional provision supporting his claim, simply stating instead that his due process rights under the United States Constitution had been violated. *See* Br. of Appellant, No. 18280 & 18581, at 53. To support his claim, he relied on two federal cases which stand for the proposition that under certain circumstances the Fourteenth Amendment affords a state prisoner a due process right to psychiatric assistance. *See id.* at 50–51 (citing *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985) and *Smith v. McCormick*, 914 F.2d 1153 (9th Cir.1990)).[2] Accordingly, the petitioner has "explicitly" exhausted claim B on due process grounds only.

■ The Idaho Supreme Court did not "implicitly" consider claim B as part of its mandatory review because the alleged error did not occur at sentencing but, instead, during a post-conviction proceeding subsequent to the close of the sentencing process. *See Beam*, 3 F.3d at 1306–07. As such, the portion of claim B that rests on the Fifth, Sixth and Eighth Amendments has not been presented to or considered by the state court and because state remedies are no longer available that portion of claim B is procedurally barred. *See Gray*, —— U.S. at ——, 116 S.Ct. at 2080.

### 3. Claim C

■ Claim C concerns the trial court's refusal to allow the petitioner's counsel to be present for the presentence investigation interview. The petitioner did not assert this

---

2. The right derives from the "Fourteenth Amendment's due process guarantee of fundamental

fairness." *Ake*, 470 U.S. at 76, 105 S.Ct. at 1092.

claim in any form in his appeal to the Idaho Supreme Court. He failed to allege that the trial court's adverse determination was in error and, consequently, he did not allege that his rights under the Constitition had been violated. This claim, then, has not been fairly presented to the state supreme court. *See id.*

Claim C, however, is the type of error that has been "implicitly" considered under the rationale set forth in *Beam.* Essentially, the petitioner is alleging that the exclusion of his counsel from the presentence interview permitted the sentencer to secure information, not otherwise available, that was relied upon to support the imposition of the death penalty. Accordingly, because claim C is concerned with an error occurring at the petitioner's sentencing, the claim is not procedurally defaulted. *See Beam,* 3 F.3d at 1306-07.

### 4. Claim G

■ In claim G, the petitioner alleges that the sentencing court imposed the death penalty without proof that petitioner killed, attempted to kill, intended to kill or acted with reckless indifference to human life, in violation of the Eighth and Fourteenth Amendments. Petitioner did not articulate this same legal theory in state court. Instead, the petitioner argued that his sentence was excessive and disproportionate to the sentences imposed on other individuals involved in the commission of the crime. *See* Br. of Appellant, No. 18280 & 18581, at 33, 43-44. Claim G, therefore, was not fairly presented to the state supreme court. *See Gray,* — U.S. at —, 116 S.Ct. at 2081.

However, claim G alleges the type of error that Beam indicates the Idaho Supreme Court considers as part of its mandatory review under § 19–2827. The error allegedly occurred during the imposition of the petitioner's death sentence. Therefore, in accordance with Beam, this claim is not procedurally defaulted and may be considered by the habeas court. *See Beam,* 3 F.3d at 1307.

### 5. Claim H

■ Claim H contains two components: 1) that the petitioner's sentence of death was disproportionate to the sentences imposed on other individuals convicted of murder, in violation of the petitioner's due process and equal protection rights under the Fifth, Eighth and Fourteenth Amendments, and 2) that Idaho Code § 19–2827 fails to meaningfully channel the Idaho Supreme Court's proportionality review, in violation of the petitioner's right to due process. Final Pet. at 24. In state court, the petitioner never challenged the adequacy of the state supreme court's proportionality review under § 19–2827. And although the petitioner asserted in state court that his sentence was disproportionate, he grounded his argument on state law and did not reference any federal right to due process and equal protection under the Fifth, Eighth and Fourteenth Amendments. *See* Br. of Appellant, No. 18280 & 18581, at 33-47. Therefore, the petitioner has not fairly presented claim H to the state court. *See Duncan,* 513 U.S. at 365-67, 115 S.Ct. at 888.

■ Furthermore, the state court did not consider the petitioner's claim as part of its mandatory review. The portion of claim H attacking the adequacy of § 19–2827's proportionality review is a broad-based challenge to the processes governing capital litigation and is not specific to the imposition of the death penalty in the petitioner's case. As such, it does not fit within the Beam rationale of implicit review. On the other hand, there is no doubt that the state court considered whether the petitioner's death sentence was disproportionate to the sentences received by others who committed similar crimes. *See State v. Hoffman,* 123 Idaho 638, 851 P.2d 934, 943-44 (1993), *cert. denied,* 511 U.S. 1012, 114 S.Ct. 1387, 128 L.Ed.2d 61 (1994). At the time of petitioner's sentencing, § 19–2327 required the Idaho Supreme Court to review the petitioner's death sentence for proportionality. *Id.* However, the supreme court's proportionality review under § 19–2827 is concerned solely with state law errors. *See id.* For that reason, the Idaho Supreme Court could not have implicitly reviewed the constitutional error alleged in claim H, and the claim, accordingly, is procedurally defaulted.

■ Moreover, the error alleged in claim H is not cognizable in the federal habeas

proceeding. *See Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 479–80, 116 L.Ed.2d 385 (1991) (explaining that an error of state law is not cognizable in the habeas proceeding). There is no federal right to proportionality review, and the state's practice of conducting such a review does not create an interest protected by the Constitution. *Ceja v. Stewart,* 97 F.3d 1246, 1252 (9th Cir.1996); *Campbell v. Blodgett,* 997 F.2d 512, 521–22 n. 10 (9th Cir.1992), *cert. denied,* 510 U.S. 1215, 114 S.Ct. 1337, 127 L.Ed.2d 685 (1994); *Deutscher v. Whitley,* 884 F.2d 1152, 1158–59 (9th Cir.1989), *cert. granted & judgment vacated on other grounds,* 500 U.S. 901, 111 S.Ct. 1678, 114 L.Ed.2d 73 (1991). The constitutional requirement that a death sentence be imposed only after the application of an adequately narrowed aggravating circumstance is the petitioner's protection against the imposition of a disproportionate sentence. *Ceja v. Stewart,* 97 F.3d at 1252.

### 6. Claim J

■ In claim J, the petitioner contends that Idaho Code § 19–2515 violates the Eighth Amendment by creating a mandatory presumption in favor of the death penalty. Specifically, the petitioner asserts that the statute's language—mandating that the "court *shall* sentence the defendant to death" once the court finds the presence of an aggravating circumstance that is not outweighed by mitigating factors—violates the Constitution. Final Pet. at 26–27. In contrast, the claim presented to the Idaho Supreme Court alleged that the state statute violated the Constitution by placing the burden on the petitioner to prove mitigating circumstances sufficient to outweigh any aggravating circumstance. *See* Br. of Appellant, No. 18280 & 18581, at 70; *State v. Hoffman,* 851 P.2d at 942–43. The legal theory raised in state court, then, is distinct from the one asserted in federal court. Accordingly, claim J was not fairly presented to the state court. *See Gray,* —— U.S. at ——, 116 S.Ct. at 2081.

■ In addition, claim J is not the type of error "implicitly" reviewed by the state supreme court pursuant to § 19–2827. It does not allege a constitutional violation specific to the imposition of the death penalty at the petitioner's sentencing. *See Beam,* 3 F.3d at 1306–07. Instead, claim J mounts a general challenge to the constitutionality of the statute governing Idaho's capital litigation. Because claim J was not presented to or considered by the Idaho Supreme Court, it is procedurally defaulted.

Moreover, this claim is meritless. The statute's language does not violate any principle of constitutional law. The United States Supreme Court has specifically rejected the type of argument the petitioner now puts forward. *See Blystone v. Pennsylvania,* 494 U.S. 299, 305–07, 110 S.Ct. 1078, 1082–84, 108 L.Ed.2d 255 (1990); *Boyde v. California,* 494 U.S. 370, 374–77, 110 S.Ct. 1190, 1194–96, 108 L.Ed.2d 316 (1990); *see also Bonin v. Calderon,* 59 F.3d 815, 849 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996). "The requirement of individualized sentencing in capital cases is satisfied by allowing the [sentencer] to consider all relevant mitigating evidence." *Blystone,* 494 U.S. at 307, 110 S.Ct. at 1083 (rejecting argument that death penalty statute's mandatory language violates the Eighth Amendment)

### 7. Claim K

■ Claim K challenges the state statute that authorizes the imposition of a death sentence without jury involvement. In federal court, the petitioner alleges that this statutory scheme violates his right to due process under the Sixth, Eighth and Fourteenth Amendments. In state court, however, the petitioner did not base his challenge on a federal right. *See* Br. of Appellant, No. 18280 & 18581, at 33; *State v. Hoffman,* 851 P.2d at 939. As such, the petitioner did not fairly present claim K to the state supreme court. *See Duncan,* 513 U.S. at 365–67, 115 S.Ct. at 888.

■ Nor was this claim considered under *Beam's* rationale. The petitioner, again, is making a general challenge to the statutory scheme governing capital litigation in Idaho. That kind of challenge is not implicitly considered as part of the state supreme court's mandatory review pursuant to § 19–2827. *See Beam,* 3 F.3d at 1306–07. Accordingly, claim K is procedurally defaulted.

■ In any event, there is no constitutional requirement "that a jury impose the sentence of death or make the findings prerequisite to imposition of such a sentence." *Walton v. Arizona,* 497 U.S. 639, 647, 110 S.Ct. 3047, 3054, 111 L.Ed.2d 511 (1990); *see also Clark v. Ricketts,* 958 F.2d 851, 859 (9th Cir.1991), *cert. denied,* 506 U.S. 838, 113 S.Ct. 117, 121 L.Ed.2d 73 (1992); *Jeffers v. Lewis,* 38 F.3d 411, 419 (9th Cir.1994), *cert. denied,* 514 U.S. 1071, 115 S.Ct. 1709, 131 L.Ed.2d 570 (1995). Claim K, therefore, also fails on the merits.

### 8. Claim L

■ In claim L, the petitioner alleges that the state court committed various errors during the sentencing determination, in violation of the Fifth, Eighth and Fourteenth Amendments. The petitioner failed to assert this claim in the state court; he did not identify the federal right at issue or the specific conduct that violated that right. Therefore, this claim has not been fairly presented to the Idaho Supreme Court. *See Duncan,* 513 U.S. at 365–67, 115 S.Ct. at 888.

■ However, the errors alleged in claim L are the type that fall under the Idaho Supreme Court's mandatory review. Each concerns the state court's alleged failure to properly find and weigh the mitigating and aggravating circumstances at the petitioner's sentencing. Therefore, under *Beam,* the sentencing errors alleged in claim L have been "implicitly" considered by the state supreme court and therefore are not procedurally defaulted.

### 9. Claim M

■ In claim M, the petitioner alleges that the application of Idaho Code § 19–2719 to capital cases denies the petitioner due process and equal protection as well as effective assistance of counsel and meaningful appellate review. This claim was raised in state court, but only with respect to due process and equal protection. *See* Br. of Appellant, No. 18280 & 185811, at 31–32; *State v. Hoffman,* 851 P.2d at 943. The remaining portion of claim M, having to do with effective assistance of counsel and meaningful appellate review, was not fairly presented to the state supreme court.

■ Furthermore, because this claim is a broad-based constitutional challenge to a statute governing Idaho's death penalty process, and does not allege an error specific to the petitioner's sentencing, this claim does fit within the *Beam* rationale. *See* 3 F.3d at 1306–07. Thus, the portion of claim M based on the denial of effective assistance of counsel and meaningful appellate review is procedurally defaulted. *See Gray,* —— U.S. at ——, 116 S.Ct. at 2081. However, the petitioner has properly exhausted that portion of claim M alleging a violation of his due process and equal protection rights.

### 10. Claim N

■ The petitioner concedes that claim N was not fairly presented to the state court. *See* Petr.'s Br. Regarding Procedural Default at 22–23. He contends, instead, that the claim was considered by the Idaho Supreme Court during its mandatory review of the petitioner's sentencing. However, the error alleged is not the type of claim that is "implicitly" considered by the state court pursuant to § 19–2827. *See Beam,* 3 F.3d at 1306–07. In claim N, the petitioner contends that the introduction at his trial of statements by jail-house informant Ricky Williams and police officer Richard D. Frizzel violated his Fifth, Sixth and Fourteenth Amendment rights. The petitioner's claim, then, involves an alleged trial error, not an error that occurred during the sentencing determination. Thus, claim N does not fall under the *Beam* rationale and because the claim was never presented to the state supreme court, it is procedurally defaulted. *See Gray,* —— U.S. at —— – ——, 116 S.Ct. at 2080–81.

### 11. Summary

In sum, after reviewing the record, the court concludes that claims A, B (to the extent that claim relies on due process), C, G, L and M (to the extent that claim relies on due process and equal protection) have been presented to the Idaho Supreme Court either explicitly or implicitly and are not procedurally defaulted. All of the other claims listed above, B (to the extent that claim relies on the Fifth, Sixth and Eighth Amendments), H, J, K, M (to the extent that claim alleges

denial of effective assistance of counsel and meaningful appellate review) and N, have been procedurally defaulted and are barred from habeas review. In the alternative, the court finds that claims H, J and K fail on the merits.

## C. Ineffective Assistance of Counsel Claims D, E and F

■ The petitioner does not contend that his ineffective assistance of counsel claims, D, E and F, were fairly presented to the Idaho Supreme Court on consolidated appeal. Nor does he contend that the state court implicitly considered those claims during its mandatory review under § 19–2827 and *Beam*. Instead, he contends that the ineffective assistance of counsel claims were considered, and rejected, on the merits by the Idaho Supreme Court as part of its review of the petitioner's second petition for post-conviction relief.

In Idaho, special post-conviction procedures govern a collateral challenge to a capital defendant's conviction and sentence. In this respect, Idaho Code § 19–2719 requires a capital defendant to bring all known legal and factual challenges to his conviction and sentence within 42 days of the entry of judgment. I.C. § 19–2719(3). Claims that were known, or reasonably should have been known, are waived if not raised in the first post-conviction petition. I.C. § 19–2719(5). However, if a petitioner can make a "prima facie showing" that the issues raised in a second petition "were not known and could not reasonably have been known within 42 days of judgment," he can avoid the statute's procedural bar. *See Paz v. State*, 123 Idaho 758, 852 P.2d 1355, 1357 (1993).

After the completion of his: first post-conviction action and subsequent consolidated appeal, the petitioner returned to state court with a second post-conviction petition. The state district court rejected most of the claims presented, finding they had been waived by the operation of § 19–2719. Clerk's R., No. 23029, at 77–78 (Order Denying Post Conviction Relief). The state district court also found that the petitioner's ineffective assistance of counsel claims "could have been raised on the petitioner's first petition for post conviction relief." *Id.* at 78. However, the court went on to consider the merits of the petitioner's ineffective assistance claims "because the allegations involve attorneys who were handling the first post conviction relief petition." *Id.* Eventually, the state district court dismissed the claims. *Id.* at 79–80, 104–05.

The petitioner appealed to the Idaho Supreme Court. The respondent, in turn, filed a Motion to Dismiss Appeal; Response to Appellant's Brief. In the motion, the respondent asked the supreme court to dismiss the appeal for lack of jurisdiction under 19–2719(11) which provides that an order by the state district court dismissing a successive petition for post-conviction relief on procedural default grounds "shall not be appealable." On December 6, 1996, the Idaho Supreme Court issued an order stating the following:

> A MOTION TO DISMISS APPEAL AND RESPONSE TO APPELLANT'S BRIEF was filed by Respondent November 6, 1993. The Court is fully advised; therefore, good cause appearing,
>
> IT HEREBY IS ORDERED that the MOTION TO DISMISS APPEAL be, and hereby is, GRANTED and this appeal is DISMISSED.

What this court must now determine is whether the state court's dismissal of the petitioner's ineffective assistance claims was grounded solely on a violation of the state's procedural rules. If so, then the state court's determination rests on an independent state law ground that precludes consideration of the claims' merits in the habeas proceeding. *Coleman v. Thompson*, 501 U.S. 722, 728, 111 S.Ct. 2546, 2553, 115 L.Ed.2d 640 (1991). If, instead, the state court's dismissal was decided on a basis that was not independent of federal law, the habeas court may hear the ineffective assistance of counsel claims. *See id.* The solution to this issue can be found in the recent decisions of the United States Supreme Court.

The Supreme Court has noted that it "is not always easy for a federal court to apply the independent and adequate state ground doctrine." *Id.* at 732, 111 S.Ct. at 2555. To aid the lower federal courts with their task, the Supreme Court developed several presumptions. In this regard, the Supreme Court has stated that absent a "clear and express" statement to the contrary, a habeas

court is to presume a state court judgment rests on federal law if, but only if, "the decision of the last court to which the petitioner presented his federal claim ... fairly appear[s] to rest primarily on federal law or to be interwoven with federal law." *Id.* at 735, 111 S.Ct. at 2557. An unexplained state court order is not enough to trigger this presumption; it arises only if the state court decision is intertwined with the federal issue. *See id.* at 735–40, 111 S.Ct. at 2557–60; *Ylst v. Nunnemaker,* 501 U.S. 797, 802, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991); *Hunter v. Aispuro,* 982 F.2d 344, 346 (9th Cir.1992), *cert. denied,* 510 U.S. 887, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993); *Thomas v. Lewis,* 945 F.2d 1119, 1122 (9th Cir.1991).

In this case, the Idaho Supreme Court's order, summarily dismissing the petitioner's appeal, does not "fairly appear to rest primarily on federal law or to be interwoven with federal law." *Coleman,* 501 U.S. at 735, 111 S.Ct. at 2557. Therefore, the court cannot presume the state court based its decision on the resolution of a federal issue. *Id.; Hunter,* 982 F.2d at 347. In this situation a second presumption comes into play: "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst,* 501 U.S. at 803, 111 S.Ct. at 2594; *Hunter,* 982 F.2d at 347. Thus, under Ylst, this court is required to "look through" the unexplained order of the Idaho Supreme Court to the explanation supporting the state district court's decision. *Ylst,* 501 U.S. at 804, 111 S.Ct. at 2595.

In reaching its decision, the state district court cited the petitioner's failure to present his ineffective assistance claims in the manner required by the state's procedural rules, but it also addressed the merits of the claims. Clerk's R., No. 23029, at 78–80, 104–05 (Order Denying Post Conviction Relief). In this respect, the state district court's decision to dismiss the second petition was "interwoven with federal law." *See Coleman,* 501 U.S. at 735, 111 S.Ct. at 2557. The state district court made no "clear and express statement" that it was relying solely on state law

grounds, or relying on state law grounds in the alternative, and accordingly, it must be presumed that the decision rested upon federal law. *Id.; cf. Carriger v. Lewis,* 971 F.2d 329, 333 (9th Cir.1992) (en banc) (concluding that the state court rested its decision on procedural default grounds because it expressly stated that its ruling on the merits was an alternative holding), *cert. denied,* 507 U.S. 992, 113 S.Ct. 1600, 123 L.Ed.2d 163 (1993).

Under Ylst, "[i]f an earlier opinion 'fairly appear[s] to rest primarily upon federal law,' we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place." 501 U.S. at 803, 111 S.Ct. at 2594. However, the presumption may be rebutted by "details of state law" that "constitute strong evidence that the presumption, as applied, is wrong." *Id.* at 805, 111 S.Ct. at 2595 (emphasis in original). The court believes that such evidence is present here, and that "details of state law" demonstrate the Idaho Supreme Court's dismissal was based solely on state law grounds.

Although the Idaho Supreme Court's order is unexplained, there are several "clues" that give content to the state court's decision. *See id.* at 802–03, 111 S.Ct. at 2594–95 (stating that "clues" may indicate the basis of an unexplained order). In fact, the clues present here are remarkably similar to those relied upon by the United States Supreme Court in *Coleman,* when it concluded that the Virginia Supreme Court's unexplained order was grounded on state law. *See Coleman,* 501 U.S. at 740, 111 S.Ct. at 2559–60; *Ylst,* 501 U.S. at 802, 111 S.Ct. at 2594. As in *Coleman,* here the Idaho Supreme Court "stated plainly that it was granting the [respondent's] motion to dismiss the petition for appeal." *Coleman,* 501 U.S. at 740, 111 S.Ct. at 2559. And, as in *Coleman,* that motion was based solely on the petitioner's failure to comply with the state's procedural rules. *See* Respondent's Mot. to Dismiss Appeal; Response to Appellant's Br. at 1–8 (arguing that the appeal must be dismissed because the petitioner did not make the showing necessary to avoid the state's procedural bar).[3]

---

3. The respondent's motion contains some discussion of federal law issues, but only in the context

of demonstrating that the petitioner had not established an exception to the state's procedural

Indeed, the "clues" present here are at least as compelling as those relied upon in *Coleman.* In this case, the Idaho Supreme Court could properly dismiss the petitioner's appeal only if it concluded that each claim raised in the second post-conviction was procedurally barred under state law. *See* 19–2719(11); Respondent's Mot. to Dismiss Appeal; Response to Appellant's Br. at 1–8. If any of the claims had been excepted from 19–2719's operation, the state supreme court would have been required to address the merits of the claims. But the Idaho Supreme Court did not *deny* the second petition, instead it *dismissed the appeal* in response to the respondent's motion. This evidence is sufficient to overcome the *Ylst* presumption and establish the state law basis for the Idaho Supreme Court's decision. As the Court in *Ylst* explained: "In *Coleman* itself, although the order was unexplained, the nature of the disposition ('dismissed' rather than 'denied') and surrounding circumstances (in particular the fact that the State had rested its argument entirely upon a procedural bar), indicated that the basis was procedural default." 501 U.S. at 802, 111 S.Ct. at 2594; *see also Lindquist v. Gardner,* 770 F.2d 876, 878 (9th Cir.1985) (stating that "it is reasonable to presume" an order summarily dismissing a habeas petition was based on the Idaho Supreme Court's usual policy of refusing to consider claims that do not comply with the state's procedural requirements). Because the Idaho Supreme Court relied on a state law ground in dismissing the second post-conviction petition, the ineffective assistance of counsel claims are barred from habeas review. *See Coleman,* 501 U.S. at 729–32, 111 S.Ct. at 2553–55.

#### D. Adequate State Law Ground

■ The petitioner contends that even if the Idaho Supreme Court invoked the state's procedural bar to dismiss the ineffective assistance of counsel claims, the procedural rule relied upon, Idaho Code § 19–2719, is not adequate to preclude federal habeas review. To be adequate to support a procedur-

al bar the state rule "must be clear, consistently applied and well-established at the time of the petitioner's purported default." *Wells v. Maass,* 28 F.3d 1005, 1010 (9th Cir.1994).

The petitioner first asserts that § 19–2719 is unconstitutional, and that therefore "the procedural bar therein is not applicable." Assuming, without deciding, that a constitutional challenge to a state's procedural rule is appropriately considered under the independent and adequate state law ground analysis, this court has determined already that § 19–2719 does not violate the Constitution. *Fetterly v. Paskett,* 747 F.Supp. 594, 599–601 (D.Idaho 1990), *remanded on other grounds,* 997 F.2d 1295 (9th Cir.1993). Thus, application of § 19–2719 to the petitioner's case to bar his defaulted claims would not be arbitrary or violate due process.

The petitioner next argues that § 19–2719 is inadequate to bar his ineffective assistance of counsel claims because the rule requiring the presentation of such claims in a first petition was not well-established at the time of the default. *See Ford v. Georgia,* 498 U.S. 411, 424–25, 111 S.Ct. 850, 857–58, 112 L.Ed.2d 935 (1991) (explaining that before a state procedural rule can be adequate to bar habeas review, it must be "firmly established and regularly followed" at the time of its application to the petitioner's state proceeding). Specifically, the petitioner contends that the rule requiring the presentation of ineffective assistance claims in a first petition was not clearly established until after the conclusion of his post-conviction proceeding.

According to the petitioner, at the time he filed his post-conviction action, state law arguably permitted the assertion of an ineffective assistance of counsel claim in a successive post-conviction petition. To support his contention, the petitioner relies on the Idaho case *Palmer v. Dermitt,* 102 Idaho 591, 635 P.2d 955 (1981). *Palmer* was decided prior to the enactment of § 19–2719 and involves a different state statute, Idaho Code § 19–4908. In *Palmer,* certain claims had been allegedly omitted from an amended first

rules. *See* Respondent's Mot. to Dismiss Appeal; Response to Appellant's Br. at 5–8. The motion's mere reference to federal law is not enough to upset the strong evidence indicating

that the Idaho Supreme Court's order was based on state law grounds. *See Coleman,* 501 U.S. at 744, 111 S.Ct. at 2561–62.

post-conviction petition by Palmer's counsel without Palmer's consent. 635 P.2d at 959–60. Seeking to apply the relevant statutory language to Palmer's case, the Idaho Supreme Court observed that § 19–4908 "only prohibits successive petitions in those cases where the petitioner 'knowingly, voluntarily and intelligently' waived the grounds for which he now seeks relief." *Id.* at 957 (quoting I.C. § 19–4908). In accordance with the statute's language, the state court held that the "omission in the prior postconviction proceeding of the allegations now being raised anew by Palmer was not a result of an active, knowing choice." *Id.* at 960. Thus, to the extent *Palmer* stands for the proposition petitioner claims, the decision is specific to the controlling standard set forth in § 19–4908.[4] *State v. Rhoades,* 120 Idaho 795, 820 P.2d 665, 677 (1991), *cert. denied,* 504 U.S. 987, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992).

The Idaho legislature enacted § 19–2719 for the precise purpose of subjecting capital cases to a procedural process that differed significantly from the procedure prescribed by § 19–4908. *See id.* In every respect, § 19–2719 implements procedural requirements that are less liberal than its predecessor. Thus, unlike § 19–4908, a default under § 19–2719 is not dependent on whether the waiver was intelligent, voluntary or knowing. Instead, under § 19–2719 a capital defendant "shall be deemed to have waived such claims for relief as were known, or reasonably should have known" within 42 days of the entry of judgment.[5] I.C. § 19–2719(5). That § 19–2719, and the new standard it an-

nounced, was a dramatic departure from prior practice is evident from the state supreme court cases published prior to the petitioner's post-conviction action. *See, e.g., State v. Beam,* 115 Idaho 208, 766 P.2d 678, 681–83 & n. 2 (1988) (rejecting equal protection challenge to § 19–2719 based on the procedural differences between the new statute and I.C. §§ 19–4901 to –4911, and finding a rational basis for the differences based in part on the legislature's Statement of Purpose that "the goal of [§ 19–2719's] procedure [is] to limit, as far as possible, post-conviction appellate review of death sentences to a single appeal."), *cert. denied,* 489 U.S. 1073, 109 S.Ct. 1360, 103 L.Ed.2d 827 (1989); *State v. Lankford,* 115 Idaho 796, 770 P.2d 805, 806 (1989) (explaining that any collateral challenge to a capital defendant's judgment and sentence must be brought within the time limits imposed by § 19–2719).

Accordingly, after the enactment of § 19–2719, there is no reason for the petitioner to have relied on *Palmer* or any other case based on § 19–4908 when that statute no longer applied to capital cases. Under § 19–2719, a claim alleging ineffective assistance of counsel at trial or sentencing, like other challenges to the petitioner's conviction and sentence, must be raised within 42 days of judgment. Where, as here, the statutory provision clearly defines the relevant procedural requirements, and sufficiently identifies the class of defendants to which it applies, the enactment will be adequate under federal law to invoke the procedural bar.[6] *See Morales v. Calderon,* 85 F.3d 1387,

---

**4.** Section 19–4908 reflects a standard similar to the "deliberate bypass" or "deliberate abandonment" standard. *Compare Palmer,* 535 P.2d at 957–58 *with Coleman,* 501 U.S. at 749, 111 S.Ct. at 2564.

**5.** Section 19–2719's standard is similar to the "inexcusable neglect" standard. *See McCleskey v. Zant,* 499 U.S. 467, 489–90, 111 S.Ct. 1454, 1468, 113 L.Ed.2d 517 (1991) ("The inexcusable neglect standard demands more from a petitioner than the standard of deliberate abandonment."). However, the procedural bar created by this standard is not absolute; claims that could not reasonably have been known within 42 days of judgment are excepted. I.C. § 19–2719(5); *State v. Rhoades,* 121 Idaho 63, 822 P.2d 960, 969 (1991) (noting as an example of a § 19–2719 exception "evidence discovered subsequent to completion of the trial"), *cert. denied,*

506 U.S. 1047, 113 S.Ct. 962, 122 L.Ed.2d 119 (1993).

**6.** The petitioner argues that Judge Harold Ryan reached a different conclusion in *Paz v. Arave,* CV No. 91–0469–S–HLR, Order Dismissing Petition and Lifting Stay of Execution (dkt.# 46), at 6–14 (D.Idaho November 20, 1992). Judge Ryan's order, however, was not concerned with whether § 19–2719 clearly established the relevant procedural requirements—the court found that § 19–2719 was unequivocal on this point—instead Judge Ryan concluded that the habeas court should not determine in advance whether the Idaho Supreme Court intended to consistently enforce the new statute's procedural bar. In this regard, the petitioner confuses the requirement that a procedural rule be clear with the much different requirement that it be applied consistently. A state practice of not enforcing a procedural bar can render an otherwise ade-

1390 (9th Cir.) (explaining that a state procedural rule is not adequate to bar federal review only "if it is so unclear that it does not 'provide the habeas petitioner with a fair opportunity to seek relief in state court.'"), *cert. denied*, —— U.S. ——, 117 S.Ct. 500, 136 L.Ed.2d 391 (1996). For that reason, the petitioner's claims, D and E, alleging ineffective assistance at trial and sentencing are procedurally defaulted under an independent and adequate state law ground.

■ In claim F the petitioner alleges that he "did not receive effective assistance of counsel on appeal and during the statutory post-conviction relief process." Final Pet. at 20–21. Because § 19–2719 imposes time limits only on claims alleging error at trial and sentencing, the petitioner's claim alleging ineffective assistance of counsel on appeal and during the post-conviction proceeding arguably is not barred by that statute. The court need not decide this issue, however, because with one exception the grounds supporting claim F all allege error that is attributable to post-conviction counsel only.[7] It is well settled that the petitioner has no constitutional right to effective assistance of counsel during a state post-conviction proceeding. *See, e.g.,*

*Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir.1996).

The one error that is attributable to appellate counsel is based on counsel's alleged failure to "raise on appeal the question of whether the trial court's refusal to allow [trial counsel] to be present during the presentence investigation interview was a denial of [petitioner's] right to counsel." Final Pet. at 21. As discussed above under the court's analysis of claim C, the error associated with the exclusion of counsel from the presentence interview has been "implicitly" considered by the Idaho Supreme Court pursuant to its mandatory review obligation under Idaho Code § 19–2827. *See Beam*, 3 F.3d at 1306–07. Thus, the petitioner could not have been prejudiced by appellate counsel's failure to explicitly present the claim to the state supreme court.

Because claim F alleges errors that do not amount to a violation of the petitioner's constitutional rights, the claim is not cognizable in the federal habeas action.

### E. Cause and Prejudice Exception

■ Where the state's procedural bar is supported by an independent and adequate

---

quate procedural rule inadequate under federal law. The Idaho Supreme Court, however, has been consistent in its application of § 19–2719's procedural requirements to bar untimely claims. *See, e.g., Pizzuto v. State*, 127 Idaho 469, 903 P.2d 58, 60–61 (1995).

7. With one exception, each ground supporting claim F alleges that counsel was ineffective for failing to raise in state court an ineffective assistance of trial counsel claim. Under state law, a constitutional challenge to the effectiveness of trial counsel can be brought in a post-conviction proceeding. *Parrott v. State*, 117 Idaho 272, 787 P.2d 258, 260 (1990). In a non-capital case, the state prisoner has an option, he can elect to rely on the record and bring his ineffective assistance claim on appeal, or he can bring the claim in a post-conviction action where the factual bases for the claim may be further developed. *Matthews v. State*, 122 Idaho 801, 839 P.2d 1215, 1220 (1992). Section 19–2719 does not provide a capital defendant with this same election. After the enactment of § 19–2719, "[a]ny remedy available by post-conviction procedure, habeas corpus or any other provision of state law must be pursued according to procedures set forth in this section and within the time limitations of subsection (3) of this section." I.C. § 19–2719(4); *see also State v. Lankford*, 770 P.2d at 806. Thus, § 19–2719 indicates that claims

which can be brought in a post-conviction action must be brought according to § 19–2719's procedural requirements or they are waived. *See, e.g., State v. Card*, 121 Idaho 425, 825 P.2d 1081, 1100 (1991) (McDevitt, J., specially concurring) (stating that under § 19–2719 "[i]t is clear that a [capital] defendant who claims ineffective assistance of counsel must do so through a petition for post-conviction relief"), *cert. denied*, 506 U.S. 915, 113 S.Ct. 321, 121 L.Ed.2d 241 (1992). *Paz v. State*, 852 P.2d at 1356 (explaining that all known factual and legal challenges to a capital defendant's conviction and sentence must be brought within 42 days of judgment or the petitioner "shall be deemed to have waived such claims").

Furthermore, in claim F, the petitioner is relying on matters outside the record to establish the ineffectiveness of trial counsel. For that reason, the petitioner has requested a federal evidentiary hearing on this matter. Mot. for Evidentiary Hr'g at 2. In state court, the only avenue for developing "matters arising outside of the record" would have been in a post-conviction proceeding. *See Matthews*, 839 P.2d at 1220. Thus, the alleged failure to present the state court with the ineffective assistance of trial counsel claim is attributable to post-conviction counsel, and not counsel on appeal.

state law ground, the petitioner may still obtain habeas review of his defaulted claims if he can demonstrate cause and prejudice. *Gray,* —— U.S. at ——–——, 116 S.Ct. at 2080–81. "[C]ause requires a showing of some external impediment preventing counsel from constructing or raising the claim." *McCleskey v. Zant,* 499 U.S. 467, 497, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). Here, the petitioner contends that the procedural default of any claim set forth in the final habeas petition is the result of counsel's failure to timely allege the error in the state court proceeding and, consequently, that any default is due to the ineffective assistance of his state court counsel.

■■■■■■ "Ineffective assistance of counsel may constitute cause, if the representation amounts to an independent Sixth Amendment violation." *Moran,* 80 F.3d at 1271. However, essential to the petitioner's reliance on this ground is the requirement "that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier,* 477 U.S. 478, 489, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986); *see also Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir.1988); *Hill v. Jones,* 81 F.3d 1015, 1030–31 (11th Cir.1996) ("*Carrier* requires a claim of ineffective assistance be both exhausted and not defaulted in state court before it can be asserted as cause."), *cert. denied,* —— U.S. ——, 117 S.Ct. 967, 136 L.Ed.2d 851 (1997); *Justus v. Murray,* 897 F.2d 709, 713–14 (4th Cir.1990) (same). As discussed above, the petitioner failed to present his claims alleging ineffective assistance of counsel to the state court in a timely manner. Therefore, those claims are now also procedurally defaulted and may not serve as cause to excuse other defaulted claims unless the petitioner can "demonstrate independent cause and prejudice excusing the default of the ineffectiveness claim." *Hill,* 81 F.3d at 1031.

In an attempt to establish cause for the default of his ineffective assistance of counsel claims, the petitioner contends that representation by the same attorney during all phases of the state proceedings created a conflict of

interest which prevented counsel from recognizing his own incompetence and raising that issue in the post-conviction petition.[8] *See, e.g.,* Supplemental Br. re Procedural Default at 25. In effect, the petitioner is arguing that the incompetence of his post-conviction counsel, deriving from a "conflict of interest," caused the default of the ineffective assistance of counsel claims. However, under Ninth Circuit case law, a "conflict of interest" of this sort cannot constitute cause.

■■■ Counsel's deficient performance, no matter what the reason, is sufficient to constitute cause only "if the representation amounts to an independent Sixth Amendment violation." *Moran,* 80 F.3d at 1271. A state prisoner has no Sixth Amendment right to competent counsel during the post-conviction action. *Id.* Thus, inadequate representation, even when precipitated by a conflict of interest, cannot establish cause to excuse counsel's failure to raise an ineffective assistance of counsel claim in a state collateral proceeding. *See, e.g., Nevius v. Sumner,* 105 F.3d 453, 459–60 (9th Cir.1996) (following Ninth Circuit case law to bar an ineffective assistance claim even though claim was defaulted in state court due to counsel's conflict of interest); *Moran,* 80 F.3d at 1271 (refusing to find cause to excuse the default of an ineffective assistance of appellate counsel claim even thought the petitioner was represented by the same attorney on appeal and in the state post-conviction action); *Bonin v. Calderon,* 77 F.3d 1155, 1159 (9th Cir.) (concluding that because there is no constitutional right to counsel in collateral proceedings, a conflict of interest cannot excuse counsel's failure to raise ineffective assistance claim in habeas action), *cert. denied,* —— U.S. ——, 116 S.Ct. 980, 133 L.Ed.2d 899 (1996); *Bonin v. Vasquez,* 999 F.2d 425, 429–31 (9th Cir. 1993) (same); *see also Hill,* 81 F.3d at 1024–26 & n. 9 (same).

The Ninth Circuit has consistently adhered to this view even though the petitioner was represented by the same counsel during all aspects of the state court proceedings. *See, e.g., Nevius,* 105 F.3d at 459–60. Similarly, case law will not excuse a default based on a

---

**8.** As noted above, under state law, the petitioner was required to bring the allegations of ineffec-

tive assistance in a post-conviction action, in order to develop the claims' factual bases.

conflict of interest even though the state post-conviction proceeding was the first place an ineffective assistance of counsel claim could have been raised, *Moran,* 80 F.3d at 1271; *Bonin v. Vasquez,* 999 F.2d at 429–30, and even though state law requires the petitioner to assert any ineffective assistance claim in a collateral proceeding prior to the completion of direct review, *Bonin v. Vasquez,* 999 F.2d at 429–31. Nor will a default be overlooked where counsel responsible for representing the petitioner in the post-conviction action was, at the same time, representing the petitioner on direct review. *Id.* at 431. Therefore, the petitioner's conflict of interest argument is not sufficient to establish cause.

 The petitioner next contends that an attorney suffering from a conflict of interest is not capable of acting as an agent of the client and therefore lacks the authority to default the client's claims. This argument also has been rejected by the Ninth Circuit. *Nevius,* 105 F.3d at 459. An attorney's error is not cause to excuse a default that "occurred in proceedings in which the defendant had no constitutional right of counsel." *Id.*

 Finally, the petitioner argues that his low I.Q. and inability to read beyond a third grade level is cause to excuse his failure to recognize and bring the ineffective assistance claims in state court. *See* Final Pet. at 21. Assuming for the moment that the petitioner is in fact limited in the manner portrayed, these types of impairments are not sufficient to establish cause. Even under circumstances where a state prisoner lacks the assistance of counsel, the Ninth Circuit has not excused a default on the basis of a mental condition, *Tacho,* 862 F.2d at 1381, or illiteracy, *Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 909 (9th Cir.1986); *see also Henderson v. Cohn,* 919 F.2d 1270, 1272–73 (7th Cir.1990) (collecting cases). Because the petitioner cannot establish cause to excuse his default of the ineffective assistance of counsel claims, the petitioner cannot rely on the same to excuse the default of his other claims.[9]

**9.** The petitioner does not attempt to make the showing necessary to establish the miscarriage of

### F. Evidentiary Hearing

The petitioner filed a motion requesting a federal evidentiary hearing on the ineffective assistance of counsel claims D, E and F. Because the court has determined that these claims are procedurally defaulted, and may not be heard in the habeas proceeding, the petitioner is not entitled to an evidentiary hearing.

### ORDER

Based on the foregoing, and the court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that:

1. Claims B (to the extent that claim relies on the Fifth, Sixth and Eighth Amendments), D, E, H, J, K, M (to the extent that claim alleges denial of effective assistance of counsel and meaningful appellate review) and N of the petitioner's final petition for writ of habeas corpus are **DENIED** on the basis of procedural default and **DISMISSED** with prejudice.

2. In the alternative, claims H, J and K are **DENIED** and **DISMISSED** on the merits.

3. Claim F fails to allege facts that amount to a violation of the Constitution or laws or treaties of the United States and is therefore **DENIED** and **DISMISSED** with prejudice.

4. The petitioner's motion for evidentiary hearing (dkt.# 58) is **DENIED.**

5. In accordance with the following deadlines, the parties shall submit briefs addressing the merits of claims A, B (to the extent that claim relies on due process), C, G, I, L and M (to the extent that claim relies on due process and equal protection).

a. The respondent shall file a response brief to the petitioner's Memorandum of Points and Authorities filed on April 2, 1996. The response brief shall address the merits of the claims listed in paragraph 5 of this order only. The response brief shall be filed within **45 days** from the date this order is

justice exception to the procedural bar.

signed. The petitioner shall thereafter have **30 days** in which to file a reply brief.

In accordance with *Jerries v. Wood,* 114 F.3d 1484 (9th Cir.1997) (en banc), the briefs filed under this order shall rely on the law as it existed prior to passage of Title I of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("the Act"). However, to facilitate the court's inquiry should the United States Supreme Court determine the Act applies retrospectively, the parties shall, in their briefs, also identify which, if any, claims might be affected by a retrospective application of the Act, and the statutory provision(s) of the Act affecting those claims.

IT IS SO ORDERED.